**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3334-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HAMPTON J. LEE,
a/k/a LEE HAMPTON,

     Defendant-Appellant.

_____

Submitted May 21, 2026 – Decided August 4, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 22-11-3409.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a jury trial, defendant Hampton J. Lee appeals from a March 8, 2024 judgment of conviction finding him guilty of second-degree aggravated assault and imposing a seven-year prison term. We affirm the conviction but remand for resentencing.

I.

Trial testimony established the following. In 2021, Lawrence King was living with his girlfriend Stephanie Walker in Camden. Late one December evening, Walker awoke to a telephone call between King and defendant, whom she previously dated. The men were arguing because King was offended by text messages defendant sent Walker. King was "aggressive" during the phone exchange, calling defendant a derogatory name and discussing prior sexual acts between defendant and Walker.

Shortly after the call ended, defendant arrived unannounced in front of Walker's residence. Upon learning defendant was outside, Walker told King to remain inside, but King "snuck" out the back door with the intent to "square up" with defendant. Walker exited less than a minute later and found King lying unconscious on the ground. Walker saw defendant kick King and then leave the scene in a truck with another male.

A-3334-23

King was subsequently transported to the hospital, where he was intubated and remained unresponsive. He had sustained blunt trauma to his face, an intracranial hemorrhage, and fractures to the bones of his right eye socket. These injuries were considered life threatening and required surgical intervention. King remained hospitalized for approximately five months, then underwent inpatient and outpatient rehabilitation. As a result of his injuries, King was unable to walk without assistance.

In November 2022, a Camden County grand jury returned an indictment charging defendant with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). Defendant's jury trial commenced in October 2023.

During the charge conference, which was conducted prior to the close of testimony, defendant asked the court to charge disorderly persons simple assault as a lesser-included offense of second-degree aggravated assault. The court denied the request, opining no reasonable jury could find simple assault because the incident resulted in "serious bodily injury," rather than the "bodily injury" required for simple assault. After the close of evidence, the court reiterated its decision in this regard. The resulting verdict sheet did not list the degree of offense but required the jury to decide whether there was serious bodily injury,

which would result in a second-degree conviction, or significant bodily injury, which would result in a third-degree conviction.

The court also denied defendant's motion for a judgment of acquittal, finding the evidence was sufficient to warrant a conviction of the charge. The jury then returned a guilty verdict for second-degree aggravated assault based on serious bodily injury.

Defendant subsequently moved for a new trial and judgment of acquittal, styled as a motion to vacate the verdict. He contended the State failed to disprove self-defense and, for the first time, argued the court erred by not charging the lesser-included offense of simple assault by mutual combat.

After considering argument, the court denied both motions. It determined there was sufficient evidence for a reasonable jury to find guilt beyond a reasonable doubt, and the State had disproved self-defense. In rejecting defendant's argument for a lesser-included charge of mutual combat, the court found no rational basis for the charge, reasoning as follows:

> [T]he simple assault [charge] was not necessary because I . . . don't find . . . it would be possible to . . . acquit . . . defendant of aggravated assault, and then find he was guilty of simple assault based on the nature of the injuries . . . , which I will classify as horrific.
>
> So, essentially, from a legal point of view . . . I'm assuming the defense is arguing that the mutual

4

[combat] to be a lesser-included offense. I don't find that that is the case under aggravated assault . . . . There's no mutual [combat] under the aggravated assault section of the statute. And [N.J.S.A.] 2C:1-8[(e)] provides that the [c]ourt shall not charge the jury with respect to a[n] included offense, unless there's a rational basis for a verdict convicting . . . defendant of the included offense. So . . . there wasn't a rational basis based on that.

In my opinion, I gave . . . defendant the benefit of having the lesser-included charge of the third-degree significant assault. And it was the fact finders' call of the jury and they have spoken. I don't feel any reason for me to change that . . . . So that part also is denied.

During the sentencing hearing, the court found the following aggravating factors: three ("[t]he risk that the defendant will commit another offense"), N.J.S.A. 2C:44-1(a)(3); six ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted"), N.J.S.A. 2C:44-1(a)(6); and nine ("[t]he need for deterring the defendant and others from violating the law"), N.J.S.A. 2C:44-1(a)(9). The court found the following mitigating factors: two ("[t]he defendant did not contemplate that the defendant's conduct would cause or threaten serious harm"), N.J.S.A. 2C:44-1(b)(2); five ("[t]he victim of the defendant's conduct induced or facilitated its commission"), N.J.S.A. 2C:44-1(b)(5); and eleven ("[t]he imprisonment of the defendant would entail excessive hardship to the

defendant or the defendant's dependents"), N.J.S.A. 2C:44-1(b)(11). After determining "the aggravating factors clearly, convincingly[,] and substantially outweigh[ed] the mitigating factors," the court sentenced defendant to a seven-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On appeal, defendant raises the following issues for our consideration:

> POINT I
>
> THE TRIAL JUDGE ERRED IN FAILING TO CHARGE THE DISORDERLY PERSONS OFFENSE OF SIMPLE ASSAULT AND THE PETTY DISORDERLY PERSONS OFFENSE OF MUTUAL CONSENT.
>
> POINT II
>
> SELF-DEFENSE WAS NOT DISPROVED UNANIMOUSLY BY THE STATE. FURTHER, THE JUDGE FAILED TO TAILOR THE SELF[-] DEFENSE CHARGE TO THE FACTS AND A REVERSAL IS REQUIRED.
>
> POINT III
>
> DEFENDANT'S SENTENCE WAS EXCESSIVE AND SHOULD BE REDUCED.

## II.

### A.

Addressing these contentions in turn, we first consider defendant's challenges to the jury instructions. It is well established that "[a]ppropriate and

6

proper charges to a jury are essential for a fair trial." State v. Carrero, 229 N.J. 118, 127 (2017) (quoting State v. Daniels, 224 N.J. 168, 180 (2016)). If a defendant challenges the instruction before the trial court, "[e]rroneous instructions are poor candidates for rehabilitation as harmless, and are ordinarily presumed to be reversible error." State v. McKinney, 223 N.J. 475, 495-96 (2015) (alteration in original) (quoting State v. Afanador, 151 N.J. 41, 54 (1997)).

Our Supreme Court has repeatedly recognized the critical importance of "[a]ccurate and understandable jury instructions in criminal cases" to ensure a defendant's right to a fair trial. State v. Galicia, 210 N.J. 364, 386 (2012) (quoting State v. Concepcion, 111 N.J. 373, 379 (1988)). The jury "charge must provide a 'comprehensible explanation of the questions that the jury must determine, including the law of the case applicable to the facts that the jury may find.'" Ibid. (quoting Concepcion, 111 N.J. at 379); see also Carrero, 229 N.J. at 127. "Thus, the court has an 'independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party.'" State v. Baum, 224 N.J. 147, 159 (2016) (alteration in original) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)).

7

"The proper standards of review of jury instructions are well-settled: if the party contesting the instruction fails to object to it at trial, the standard on appeal is one of plain error; if the party objects, the review is for harmless error." State v. Cooper, 256 N.J. 593, 607 (2024) (quoting Willner v. Vertical Reality, Inc., 235 N.J. 65, 80 (2018)). A harmless error occurs when there is "some degree of possibility that [the error] led to an unjust result." Baum, 224 N.J. at 159 (alteration in original) (quoting State v. Lazo, 209 N.J. 9, 26 (2012)). "The possibility must be real, one sufficient to raise a reasonable doubt as to whether [the error] led the jury to a verdict it otherwise might not have reached." Cooper, 256 N.J. at 608 (alteration in original) (quoting Baum, 224 N.J. at 159).

"[A]n unchallenged error constitutes plain error if it was 'clearly capable of producing an unjust result.'" State v. Singh, 245 N.J. 1, 13 (2021) (quoting R. 2:10-2). In the context of a jury charge, "'plain error requires demonstration of "legal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result."'" State v. Montalvo, 229 N.J. 300, 321 (2017) (quoting State v. Chapland, 187 N.J. 275, 289 (2006)). "To determine whether an alleged error rises to the level of plain error, it 'must be evaluated "in light of

the overall strength of the State's case.'"" Singh, 245 N.J. at 13-14 (quoting State v. Sanchez-Medina, 231 N.J. 452, 468 (2018)).

Pursuant to N.J.S.A. 2C:1-8(e), "[t]he court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." Accordingly, a reviewing court should determine "whether 'the evidence presents a rational basis on which the jury could [1] acquit the defendant of the greater charge and [2] convict the defendant of the lesser.'" Carrero, 229 N.J. at 128 (alterations in original) (quoting State v. Brent, 137 N.J. 107, 117 (1994)).

"In deciding whether the rational-basis test has been satisfied, the trial court must view the evidence in the light most favorable to the defendant." Ibid. Our Supreme Court characterized the rational-basis test for inclusion of a lesser-included-offense instruction as "a low threshold." Ibid. However, "sheer speculation does not constitute a rational basis"; an "adequate reason" is required. Brent, 137 N.J. at 118-19.

"Where the evidence clearly raises an issue justifying a finding, it must be charged even absent a request." State v. Bishop, 225 N.J. Super. 596, 602-03 (App. Div. 1988) (emphasis omitted). "However, if the parties do not request a lesser-included-offense charge, reviewing courts 'apply a higher standard,

requiring the unrequested charge to be "clearly indicated" from the record.'" State v. Fowler, 239 N.J. 171, 188 (2019) (quoting State v. Alexander, 233 N.J. 132, 143 (2018)). This clearly indicated standard does not require trial courts to "scour the statutes to determine if there are some uncharged offenses of which the defendant may be guilty." Brent, 137 N.J. at 118. "Nor does the trial court have 'the obligation on its own to meticulously sift through the entire record . . . to see if some combination of facts and inferences might rationally sustain' a lesser charge . . . ." State v. Funderburg, 225 N.J. 66, 81 (2016) (quoting State v. Choice, 98 N.J. 295, 299 (1985)). "Instead, the evidence supporting a lesser-included charge must 'jump[] off the page' to trigger a trial court's duty to sua sponte instruct a jury on that charge." Fowler, 239 N.J. at 188 (alteration in original) (quoting Alexander, 233 N.J. at 143).

Defendant first argues the trial court erred by failing to charge the jury on the lesser-included offenses of simple assault under N.J.S.A. 2C:12-l(a)(1) and (3) and petty disorderly persons mutual combat. He maintains the record reflects King and Walker described King as the aggressor, both in the precipitating phone call and by confronting defendant outside the apartment. There was a short period of time in between King's exiting the residence and being found unconscious, indicating the physical altercation was extremely brief. Thus,

defendant concludes there was a rational basis for the jury to convict him of simple assault because the evidence showed he recklessly caused King's injuries in response to a provocation, rather than with any purpose or knowledge required for aggravated assault causing serious bodily injury.

As for the lesser charge of mutual combat, defendant contends he requested this charge to be considered at trial; alternatively, he argues it was plain error for the trial court not to charge the jury on mutual combat. He notes the facts established both men were of similar size, unarmed, and engaged in a brief, mutual fight over a romantic dispute. Defendant also contends King initiated the physical confrontation, and both parties were willing participants.

Pertinent here, a person is guilty of simple assault if the person "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another," N.J.S.A. 2C:12-1(a)(1), or "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury," N.J.S.A. 2C:12-1(a)(3). Bodily injury is "physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(b). "Simple assault is a disorderly persons offense unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty disorderly persons offense." N.J.S.A. 2C:12-1(a).

11

"A person is guilty of [second-degree] aggravated assault if the person . . . [a]ttempts to cause serious bodily injury to another, or causes injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury." N.J.S.A. 2C:12-1(b)(1). Serious bodily injury is "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." N.J.S.A. 2C:11-1(b). Significant bodily injury is "bodily injury which creates a temporary loss of the function of any bodily member or organ or temporary loss of any one of the five senses." N.J.S.A. 2C:11-1(d).

Having reviewed the record under the applicable standard of review, we are satisfied the trial court properly declined to charge the jury with simple assault under either N.J.S.A. 2C:12-1(a)(1) or (3) because there was no rational basis in the record to support a finding of simple assault. The evidence demonstrated King suffered injuries that constitute "serious bodily injury" as defined by N.J.S.A. 2C:11-1(b). The injuries were life-threatening, required surgical intervention and months-long hospitalization, and despite months of rehabilitation, left King unable to walk on his own.

12

Based on that evidence, the trial court correctly determined no rational jury could "acquit . . . defendant of aggravated assault, and then find he was guilty of simple assault based on the nature of the injuries," which the court characterized as "horrific." We discern no basis on which to disturb the court's decision. See State v. Turner, 246 N.J. Super. 22, 27-28 (App. Div. 1991) (concluding a trial court was not required to charge the jury with the lesser-included offense of third-degree aggravated assault when, due to severity of victim's injuries, the victim was subjected to a substantial risk of death); State v. Johnson, 216 N.J. Super. 588, 617 (App. Div. 1987) (holding there was no rational basis to charge the lesser-included offense of disorderly persons simple assault because the attack resulted in serious bodily injury to the victim).

Because defendant did not request the mutual combat charge prior to his post-verdict motion, we review for plain error, mindful the trial court is only required to give a charge sua sponte if it is clearly indicated by the facts in evidence. Here, the record is devoid of evidence clearly indicating the parties mutually agreed to fight. Moreso, defendant's argument is unpersuasive because it disregards the governing statute. As the trial court explained, mutual combat is a subsection of simple assault, not aggravated assault. It may reduce the grading of a disorderly persons offense to a petty disorderly persons offense, but

13

it is inapplicable to an indictable charge of aggravated assault. N.J.S.A. 2C:12-1(a). Thus, the omission of the mutual combat charge did not constitute any error, let alone plain error.

Defendant next argues self-defense was not disproved unanimously by the State, and the trial court failed to tailor the self-defense charge to the facts of the case. He points to the verdict sheet, which did not include self-defense, and argues the instructions did not clarify the need for unanimity on this issue, which may have resulted in a verdict that was not unanimous. Defendant argues this omission was plain error, particularly in light of State v. Macchia, 253 N.J. 232 (2023), which requires unanimity as to the State's disproval of self-defense.

Specifically, defendant argues the court's charge on self-defense was generic and did not address the specific circumstances of the case, such as the evidence that King was the aggressor, the fight was extremely brief, and King "was intoxicated on marijuana and ecstasy when he charged out the back door at defendant." Defendant argues the court did not mention these facts to the jury as relevant to their consideration of the reasonableness of his actions in self-defense.

Additionally, defendant notes no witness testified to who threw the first punch or how many punches were thrown, nor was there evidence King's injuries

were caused by a punch rather than by falling to the ground. Therefore, defendant contends under Concepcion, 111 N.J. at 379, and State v. Gartland, 149 N.J. 456, 475-76 (1997), the trial court has a duty to tailor its instructions to the facts of the case so the jury can properly deliberate on the issues before it. As such, defendant requests this court reverse and remand for a new trial.

As defendant did not raise these issues until his post-verdict motion, we review for plain error. Under the Sixth Amendment to the United States Constitution and guaranteed to the states by the Fourteenth Amendment's Due Process Clause, an individual's right to a jury trial carries with it the right to a unanimous verdict in criminal cases in both federal and state courts. Ramos v. Louisiana, 590 U.S. 83, 92-93 (2020). "Unanimity generally 'requires "jurors to be in substantial agreement as to just what a defendant did" before determining his or her guilt or innocence.'" Macchia, 253 N.J. at 252 (quoting State v. Frisby, 174 N.J. 583, 596 (2002)).

"If 'a self-defense charge is requested and supported by some evidence in the record, it must be given' at trial." Ibid. (quoting State v. Rodriguez, 195 N.J. 165, 174 (2008)). "Additionally, once evidence of self-defense is introduced, the burden shifts to the State to disprove self-defense beyond a reasonable doubt." Ibid. "Specifically, the State must 'prove beyond a reasonable doubt

that the self-defense claim does not accord with the facts; acquittal is required if there remains a reasonable doubt whether the defendant acted in self-defense.'" Ibid. (quoting State v. Kelly, 97 N.J. 178, 200 (1984)).

"[T]o disprove self-defense, the State need not prove that defendant's belief was not honest and reasonable, and that defendant provoked the encounter, and that defendant could have retreated. Instead, if the State proves any of the disqualifiers beyond a reasonable doubt, it has disproven self-defense." Id. at 255. Therefore, "a jury need not unanimously agree on the underlying basis for rejecting self-defense; it need only unanimously agree that the prosecution disproved self-defense beyond a reasonable doubt." Id. at 256.

"We have regularly insisted that courts give content to statutory language in their charges to juries. '[A]n instruction solely in the terms of the language of the statute will [sometimes] not give sufficient guidance to the jury.'" Gartland, 149 N.J. at 475 (alterations in original) (quoting State v. Olivio, 123 N.J. 550, 567 (1991)). "Ordinarily, the better practice is to mold the instruction in a manner that explains the law to the jury in the context of the material facts of the case." Concepcion, 111 N.J. at 379.

However, in our review on appeal, "instructions to a jury are to be examined as a whole. '[P]ortions of a charge alleged to be erroneous cannot be

16 <span></span>

dealt with in isolation but the charge should be examined as a whole to determine its overall effect.'" Gartland, 149 N.J. at 473 (alteration in original) (quoting State v. Wilbely, 63 N.J. 420, 422 (1973)).

Pursuant to these principles, we are unpersuaded the trial court's charge constituted plain error. In addition to explaining to the jury the elements of self-defense, the court advised:

> The State has the burden to prove to you beyond a reasonable doubt that the defense of self-defense is untrue. This defense only applies if all the conditions or elements previously described exist. The defense must be rejected if the State disproves any of the conditions beyond a reasonable doubt.

The court also instructed:

> You are to apply the law as I have instructed you to the facts as you find them to be for the purpose of arriving at a fair and correct verdict. Your verdict must represent the considered judgment of each juror and must be unanimous as to the charge. This means all of you must agree if the defendant is guilty or not guilty on the charge.
>
> . . . .
>
> You may return on the crime charged a verdict of either not guilty or guilty. Your verdict, whatever it may be, as to the crime charged must be unanimous. Each of the [twelve] members of the deliberating jury must agree as to the verdict.

Thus, the record belies defendant's contention the trial court failed to explain to the jury its acceptance or rejection of self-defense was required to be unanimous.

We are also unpersuaded the court's instructions on self-defense were deficient because they were not molded to the evidence and testimony. The facts of this matter were simple and straightforward. When considered in light of the overall instructions and the strength of the State's unrebutted case, the court's self-defense instructions were not clearly capable of producing an unjust result.

B.

We next address defendant's points of error in sentencing. He contends mitigating factors two and five were not afforded sufficient weight, and aggravating factors six and nine were given undue weight and double-counted. Thus, he contends the interests of justice require a sentence below the midpoint of the statutory range and asks to be resentenced accordingly.

"Appellate review of a criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)). We defer to the sentencing court's factual findings and will not "second-guess" them. State v. Case, 220 N.J. 49, 65 (2014). A sentence, therefore, must be affirmed "unless: (1) the sentencing guidelines were violated;

18

(2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record[]'[;] or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" Bolvito, 217 N.J. at 228 (third alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

During the sentencing hearing, the court reviewed defendant's prior court history as documented in the presentence report. His first conviction was a June 2019 disorderly persons assault. "[H]e was given . . . the briefest period of probation he could get in that particular matter. And within nine months, he's back allegedly simple assaulting and violated a domestic violence order while he's on probation." Defendant then pleaded guilty to fourth-degree contempt of a domestic violence restraining order and was sentenced to another year of probation in March 2021. He was on probation at the time of the underlying offense.

After discussing defendant's criminal record, the court found aggravating factor six "because of the seriousness of the offense in this matter," based on the extensive injuries sustained by King. The court noted the photographs "were horrific," and thus found the factor "related to [the] seriousness of the offense and the damage [defendant] did to another human being."

Having reviewed the record, we are persuaded the court mistakenly exercised its discretion in its consideration of aggravating factor six, requiring a remand for resentencing. Under N.J.S.A. 2C:44-1(a)(6), the court may consider "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted." Defendant's prior convictions consisted of a disorderly persons assault and fourth-degree contempt. The statute provides a defendant's "prior" criminal record may be considered but nothing in its plain language allows consideration of the current offense. Here, the trial court's finding of and weight accorded to aggravating factor six was plainly based on the circumstances of the current offense. On remand, the court should re-evaluate the record regarding aggravating factor six. We take no position on the sentence to be imposed on resentencing.

However, we are unpersuaded the trial court erred in its findings regarding aggravating factor nine. It explained:

> Likewise, I find aggravating factor number nine, the need for deterring this defendant and others from violating the law. Why do I find that? Basically, for what I've restated . . . . [B]eginning in May . . . 2019, for whatever reason, when he had particular issues with individuals, whether they be of . . . a dating relationship or . . . a new boyfriend of an old girlfriend, it's very

20

clear that he chose to resolve them with violence as opposed to a more peaceable way.

The court's determination in this regard did not impermissibly rely on factors of the underlying offense, nor did it double-count an element of the offense. Rather, it properly considered defendant's prior history of domestic violence issues in light of the circumstances resulting in his assault of King. We are likewise unpersuaded the court abused its discretion in the weight it accorded to the mitigating factors.

Affirmed as to the conviction; remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

21